UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRICK RUSSELL,

                               Plaintiff,

        v.                                         9:21-CV-0296
                                                        (GTS/DJS)

TINA STANFORD and ANTHONY ANNUCCI,

                               Defendants.

---

APPEARANCES:

DERRICK RUSSELL
16-R-2301
Plaintiff, pro se
Ulster Correctional Facility
P.O. Box 800
Berme Road
Napanoch, NY 12458

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

## I.  INTRODUCTION

The Clerk has sent to the Court for review a pro se civil rights Complaint filed by plaintiff Derrick Russell ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  Dkt. No. 1 ("Compl.").  Plaintiff, who is presently incarcerated at Ulster Correctional Facility ("Ulster C.F."), has not paid the statutory filing fee and seeks leave to proceed in forma pauperis.  Dkt. No. 6 ("IFP Application").  Plaintiff also filed a motion for counsel.  Dkt. No. 7.

## II.  IFP APPLICATION[1]

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2]  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Plaintiff's IFP Application, the Court finds that he has demonstrated sufficient economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization form required in this District.  *See* Dkt. No. 3.  Accordingly, the Court grants Plaintiff's IFP Application.

## III.  SUFFICIENCY OF THE COMPLAINT

### A.  Standard of Review

Having found that Plaintiff meets the financial criteria for commencing this action in forma pauperis, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the

---

[1]  On March 17, 2021, the Court administratively closed this action due to Plaintiff's failure to comply with the filing fee requirements. Dkt. No. 4. On March 26, 2021, the case was reopened after Plaintiff filed a second motion to proceed IFP. Dkt. No. 6, 8.

[2]  Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the

United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the

court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i)

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any

portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or . . . seeks monetary relief from a defendant who is

immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116

(2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by

prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules

of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading

which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the

claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose

of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party

the opportunity to file a responsive answer, prepare an adequate defense and determine

whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 Civ. 4768, 1998

---

[3]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## B.  Summary of the Complaint[4]

The following facts are set forth as alleged by Plaintiff in his Complaint.

In 1982, Plaintiff was sentenced to 20 years to life for a conviction of murder in the second degree, 8 1/3 years to 25 years for a conviction of manslaughter in the first degree,

---

[4]  On March 22, 2021, Plaintiff filed exhibits in support of the Complaint.  Dkt. No. 5.   The Clerk of the Court is directed to annex the exhibits (Dkt. No. 5) to the Complaint. To the extent that the exhibits are relevant to the incidents described in the Complaint, the Court will consider the Complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

and 5 to 15 years for a conviction of criminal possession of a weapon in the second degree. Compl. at 5.  The sentences ran concurrently.  *Id.*  On February 28, 2009, Plaintiff was released to parole supervision.  *Id*.

On July 3, 2015, Plaintiff was arrested and charged with criminal possession of a weapon.  Compl. at 5; Dkt. No. 5 at 2.  Plaintiff was released on bail.  Compl. at 5, 7.  On December 13, 2015, Plaintiff was arrested and charged with attempted criminal possession of a weapon.  Compl. at 5; Dkt. No. 5 at 3.  Plaintiff did not receive a preliminary hearing related to his parole violations.  Compl. at 4, 6, 7.

On May 18, 2016, DOCCS adjourned the "final hearing" until June 15, 2016 for "atty prep."  Dkt. No. 5 at 5.  The final hearing was not held.  Compl. at 4, 6, 7.  Plaintiff alleges that Defendants circumvented procedures claiming that "Plaintiff was placed on the K-Calendar[5], to forgoe [sic] issuing a final revocation hearing[.]" *Id*. at 8.

On July 26, 2016, Plaintiff was sentenced to 5 years imprisonment with 5 years post release supervision.  Compl. at 6; Dkt. No. 5 at 2-3.  Plaintiff received a "time computation sheet" indicating that his conditional release date is "999 99 99."  Compl. at 6; Dkt. No. 5 at 4.  The date should have been "4 years and 3 months from the 5 years imposed by the courts."  Compl. at 6.

In October 2019, Plaintiff appeared before the Parole Board and was placed on a 24 month hold.  Compl. at 6.  Plaintiff alleges that he has been in custody since March 12, 2020 "based on defendants unlawful acts[.]" *Id*. at 10.

---

[5]  "The K-calendar is an administrative procedure that allows an alleged parole violator to request an open-ended adjournment of his final hearing to resolve pending felony charges." *People ex rel. Small v. Warden, Rikers Island Corr. Fac.*, 38 Misc. 3d 764, 769, 956 N.Y.S.2d 420 (Sup. Ct. 2012) (citation omitted).

Construing the Complaint liberally[6], Plaintiff alleges that he was "subjected to unequal treatment" by "parole agents, the agency and DOCCS." Compl. at 9. Plaintiff also claims that his due process rights were violated due to the "arbitrary, erroneous, and capricious actions." *Id*. Plaintiff seeks monetary damages. *See id.* at 11. For a complete statement of Plaintiff's claims and the facts he relies on in support of those claims, reference is made to the Complaint.

## III. ANALYSIS

### A. Equal Protection

The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law. Essential to that protection is the guarantee that similarly situated persons be treated equally. *City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985). "In order to establish an equal protection violation, the plaintiffs must show that they were treated differently than other people in similar circumstances and must establish that such unequal treatment was the result of intentional and purposeful discrimination." *Chaney v. Koupash*, No. 04-CV-0126 (LEK/DRH), 2008 WL 5423419, at *20 (N.D.N.Y. Dec. 30, 2008) (citing *Myers v. Barrett*, No. 95-CV-1534 (RSP/GJD), 1997 WL 151770, at *3 (N.D.N.Y. Mar. 28, 1997)). In addition, a valid equal protection claim may be brought by a "class of one" "where the plaintiff alleges that she [or he] has been intentionally treated differently from

---

[6] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

others similarly situated and that there is no rational basis for the difference in treatment."

*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir.2005).

Plaintiff fails to allege any facts to suggest how he was treated any differently than similarly situated inmates or parolees.  Vague and conclusory allegations, are insufficient to plausibly suggest an equal protection violation.  *See De Jesus v. Sears Roebuck & Co.*, Inc., 87 F.3d 65, 70 (2d Cir.1996); *see Byng v. Delta Recovery Servs.*, LLC., No. 13-0733 (MAD/ATB), 2013 WL 3897485, at *15, n. 5 (N.D.N.Y. July 29, 2013) (finding that Attica inmate alleged no facts in the complaint to indicate he was similarly situated to any one or that someone else was treated differently than he was).  Accordingly, Plaintiff's Fourteenth Amendment Equal Protection claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## B.  Due Process Claims

To successfully state a claim under 42 U.S.C. § 1983 for denial of procedural due process, a plaintiff must show that he or she 1) possessed an actual liberty interest, and 2) was deprived of that interest without being afforded sufficient procedural safeguards.  *See Tellier v. Fields*, 280 F.3d 69, 79–80 (2d Cir. 2000) (citations omitted); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir.1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351–52 (2d Cir. 1996). A prisoner can show deprivation of a liberty interest under the due process clause when a prison condition imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Luna v. Pico*, 356 F.3d 481, 487 (2d Cir. 2004) (same).

The Supreme Court has held that parole revocation impacts a protected liberty interest. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  Parolees must be provided both a preliminary hearing to determine the existence of probable cause that a violation has occurred and a final revocation hearing—affording the parolee notice, an opportunity to be heard and confront witnesses, and an impartial hearing officer—within "a reasonable time" thereafter. *Id*. at 488.  New York law requires that a suspected parole violator receive a preliminary hearing within fifteen days after arrest, and a final revocation hearing within ninety days after the preliminary hearing. *Johnson v. Carlsen*, No. 09-CV-66 GTS/DRH, 2010 WL 1817343, at *6 (N.D.N.Y. Mar. 29, 2010) (citing N.Y. Exec. Law § 259–i(3)(c)(i) & (f)(i)) (a final revocation hearing must only be scheduled to be held, not completed, within ninety days of the probable cause determination).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Fourteenth Amendment due process claims survive sua sponte review. *See Davis v. New York State Div. of Parole*, 2008 WL 3891524, at *8 (S.D.N.Y. Aug. 20, 2008) (holding that the claim that the plaintiff never received a revocation hearing sufficiently alleged a due process violation).  The Court however, cannot compel any of the named defendants to respond to these claims.

It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)); *Iqbal*, 556 U.S. at 676.  "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.' " *Austin v. Pappas*,

8

No. 04-CV-7263, 2008 WL 857528, at \*2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).  In a recent decision, the Second Circuit held that "there is no special rule for supervisory liability" and, that a "plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, had violated the Constitution.' " *Tangreti v. Bachmann*, 983 F.3d. 609 (2d Cir. 2020).

Plaintiff names Tina Stanford ("Stanford"), the "Chair" of the Division of Parole and Anthony Annucci ("Annucci"), DOCCS' Commissioner, as defendants in the caption and list of parties.  Compl. 1-3.  Stanford and Annucci however, are not referenced anywhere in the body of the Complaint and Plaintiff has not asserted any cause of action against Defendants. In the absence of factual allegations sufficient to plausibly suggest that Defendants were personally involved in conduct that violated Plaintiff's constitutional rights, the Complaint fails to state a cognizable claim against Defendants.  *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, \*1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at \*6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

Accordingly, Plaintiff's Fourteenth Amendment claims against Stanford and Annucci are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IV.  MOTION FOR COUNSEL**

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be considered by the Court when ruling on such a motion. *Hendricks*, 114 F.3d at 392. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. *Id*. (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). If so, the following should then be considered:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *accord, Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). None of the foregoing factors are controlling in a particular case, and each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Hodge*, 802 F.2d at 61).

In the present case, the Court has found that the Complaint is insufficient and that Plaintiff must file an amended pleading for this action to proceed. Since Plaintiff has failed to establish that his claims are likely to be of substance, the Court denies his motion for appointment of counsel, without prejudice. After the Court has accepted an amended complaint for filing, defendants have responded to the allegations in Plaintiff's amended complaint, and the parties have undertaken discovery, Plaintiff may choose to file a new motion for appointment of counsel, at which time the Court may be better able to determine whether such appointment is warranted in this case. Plaintiff is advised that any future

10

motion for appointment of counsel must be accompanied by documentation that

substantiates his efforts to obtain counsel from the public and private sector.  *See Terminate*

*Control Corp.*, 28 F.3d at 1341; *Cooper v. Sargenti Co., Inc*., 877 F.2d 170, 172, 174 (2d Cir.

1989).  Thus, Plaintiff's motion for the appointment of counsel (Dkt. No. 10) is denied without

prejudice.

## V.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's in forma pauperis application (Dkt. No. 6) is **GRANTED**;[7]

and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by

Plaintiff as his current location, with a copy of Plaintiff's inmate authorization form, and notify

the official that this action has been filed and that Plaintiff is required to pay the entire

statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court provide a copy of Plaintiff's inmate authorization

form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the Clerk of the Court shall annex Plaintiff's exhibits (Dkt. No. 5) to the

Complaint (Dkt. No. 1); and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action, he must file an Amended

Complaint as set forth above **within thirty (30) days** from the date of the filing of this

Decision and Order; and it is further

**ORDERED** that, if Plaintiff timely files an Amended Complaint, this matter be returned

---

[7]  Plaintiff should note that, although the Court has granted his application to proceed in forma pauperis, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

to the Court for further review; and it is further

ORDERED that if Plaintiff fails to timely file an Amended Complaint as directed above,

the Clerk shall enter judgment indicating this action is **DISMISSED without prejudice**

without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to

comply with this Decision and Order.  In that event, the Clerk is directed to close this case;

and it is further

ORDERED that Plaintiff's motion for counsel (Dkt. No. 7) is **DENIED without**

**prejudice to renew**; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Decision and Order on

Plaintiff in accordance with the Local Rules.


Dated: April 21, 2021
        Syracuse, New York



Hon. Glenn T. Suddaby
Chief U.S. District Judge